UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.E.,<br><br>    Petitioner,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>    Respondents. | No. 1:26-cv-00356-DAD-SCR<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED PSEUDONYMOUSLY AND GRANTING IN PART PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 2, 3) |

      On January 16, 2026, petitioner S.E. filed a petition for writ of habeas corpus, a motion for a temporary restraining order and preliminary injunction, and a motion to proceed under a pseudonym and for a protective order. (Doc. No. 1, 2, 3.) On January 21, 2026, respondents filed their opposition to petitioner's motion for a temporary restraining order. (Doc. No. 9.) In that opposition, respondents state that they do not oppose converting the motion for a temporary restraining order into a motion for a preliminary injunction, nor do they request a hearing on the motion. (Doc. No. 9 at 8.) Respondents have not filed an opposition to petitioner's motion to

/////

/////

/////

1

proceed pseudonymously or for a protective order.[1]  Petitioner filed his reply in support of his motion for preliminary relief on January 21, 2026.  (Doc. No. 10.)

Petitioner is a native and citizen of Turkey who entered the United States on or about January 3, 2024.  (Doc. No. 9-1 at ¶ 6.)  Petitioner was detained by immigration authorities and subsequently released on an order of recognizance.  (Doc. No. 9-2 at 2–3.)  Petitioner was served with a Notice to Appear for removal proceedings on January 4, 2024, and was charged with being removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).  (Doc. No. 9-3 at 1.)  On March 21, 2025, petitioner was arrested for a violation of California Penal Code § 243(d), battery causing serious bodily injury. (Doc. No. 9-4 at 6.)  On May 7, 2025, petitioner received a letter from the South San Francisco Police Department informing him that the San Mateo County District Attorney's Office had reviewed the case and declined prosecution and that, therefore, their investigation had been concluded.  (Doc. No. 10-1 at 2.)  On December 5, 2025, petitioner reported to the Immigration and Customs Enforcement ("ICE") office in San Francisco as scheduled and was detained by ICE officers for violating the terms of his order of recognizance.  (Doc. No. 9-2 at 4.)

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.' " *Stormans,*

/////

---

[1]  The court will grant petitioner's unopposed motion to proceed pseudonymously because he has alleged that disclosure of his identity could lead to him suffering retaliatory harm.  (Doc. No. 2 at 4–5.)  *See Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) ("To determine whether to allow a party to proceed anonymously *when the opposing party has objected*, a district court must balance five factors[.]") (emphasis added); *R.B.A. v. Noem*, No. 25-cv-00562-KKE, 2025 WL 1285852, at *2 (W.D. Wash. May 2, 2025) (finding "sufficient grounds for Plaintiff to proceed pseudonymously" under similar circumstances).  In moving to proceed pseudonymously, petitioner also requests a protective order pursuant to Federal Rule of Civil Procedure 26(c).  (*Id*. at 2.)  The court does not address the request for a protective order at this time as such matters are appropriately referred to the assigned magistrate judge under the Local Rules.

*Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008))

Petitioner argues he is likely to succeed on the merits of his claims because his detention violates the due process clause. (Doc. No. 3 at 13–15.) In opposition, respondents argue that petitioner is not likely to succeed on the merits because he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E)(ii) due to his arrest on March 21, 2025. (Doc. No. 9 at 1.) Petitioner replies that, as applied to him, mandatory detention pursuant to § 1226(c)(1)(E)(ii) violates due process because he has not been afforded due process in a criminal proceeding to determine his guilt, nor due process by way of a bond hearing to evaluate whether he poses a flight risk or a public safety risk were he to remain free on the order of recognizance.[2] (Doc. No. 10 at 3.)

Respondents argue that the Supreme Court upheld mandatory detention pursuant to § 1226(c) as facially constitutional in *Demore v. Kim*, 538 U.S. 510 (2003). (Doc. No. 9 at 2.) Nevertheless, a petitioner may bring an as-applied constitutional challenge to the application of § 1226(c). *Nielsen v. Preap*, 586 U.S. 392, 420 (2019) ("Our decision today on the meaning of that statutory provision does not foreclose as-applied challenges . . ."). Further, the Supreme Court's decision in *Demore* was issued prior to § 1226(c)'s amendment by the Laken Riley Act ("LRA") in 2025. Pub. L. No. 119-1, 139 Stat. 3 (2025); 8 U.S.C. § 1226(c)(1)(E). As one district court has observed:

> When the Supreme Court considered Section 1226(c) prior to the Laken Riley Act amendment, it found the Section "mandate[d] detention during removal proceedings for a limited class of deportable aliens—including those convicted of an aggravated felony." And critically, in *Demore*, the habeas petitioner "[did] not dispute the validity of his prior convictions, which were obtained

---

[2] Section 1226(c)(1)(E)(ii) now mandates detention for any noncitizen charged as inadmissible pursuant to § 1182(a)(6)(A) and who has been arrested for, among other things, acts which constitute the essential elements of any crime that results in serious bodily injury. Based on the evidence provided by respondents, petitioner appears to fit within this category because he has been charged as inadmissible pursuant to § 1182(a)(6)(A) and was arrested for battery causing serious bodily injury in violation of California Penal Code § 243(d). (Doc. Nos. 9-3 at 1; 9-4 at 6.)

>following the full procedural protections our criminal justice system offers."

*Doe v. Moniz*, 800 F. Supp. 3d 203, 215 (D. Mass. 2025) (quoting *Demore*, 538 U.S. 513–21) (internal citations omitted). The court therefore considers petitioner's as applied challenge to his detention without due process pursuant to § 1226(c).

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). When considering due process challenges in the immigration context, courts may apply the *Mathews v. Eldridge*, 424 U.S. 319 (1976) test. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) (assuming but not deciding that the *Mathews* test applies in the context of prolonged detention under § 1226(a)).

>Under *Mathews*, the "identification of the specific dictates of due process generally requires consideration of three distinct factors." "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Id.* at 1207 (internal citations omitted).

First, the court considers petitioner's private interest. "Petitioner has a strong liberty interest in freedom from unlawful detention." *E.C. v. Noem*, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025); *see also Doe*, 800 F. Supp. 3d at 216 ("Undoubtedly, the private interest at stake here 'is the most elemental of liberty interests—the interest in being free from physical detention[.]'")(quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529). Petitioner's private interest to remain free from detention weighs in favor of granting some due process.

Second, the Court considers "the risk of an erroneous deprivation of [petitioner's] interest through the procedures used, and the probable value, if any, of additional procedures." *Mathews*, 424 U.S. at 335. It appears clear that petitioner has not been afforded any opportunity to contest the lawfulness of his detention. (Doc. No. 9-2 at 4.) Because the government contends that

1  petitioner is subject to mandatory detention, petitioner's only available process is through a
2  habeas petition.  *E.C.*, 2025 WL 2916264, at *10 (citing *Sola v. Holder*, 720 F.3d 1134, 1135 (9th
3  Cir. 2013)).  Further, petitioner will not be provided process through the criminal system to
4  contest the basis for his arrest, because prosecution was rejected, charges have not been filed and
5  the investigation of the incident in question has been closed. (Doc. No. 10-1 at 2.)   Therefore,
6  the risk of erroneous deprivation of petitioner's liberty is high under such circumstances.  *Doe*,
7  800 F. Supp. 3d at 216–17; *see also Brandon Y.M., v. Andrews,* , No. 1:25-cv-01962-SKO (HC),
8  2026 WL 125234, at *3 (E.D. Cal. Jan. 16, 2026) ("The Court further finds serious constitutional
9  concerns would be presented if the LRA encompassed Petitioner's arrest and subsequent release
10 without the filing of a formal accusatory pleading.").  A bond hearing before an immigration
11 judge ("IJ") would serve to mitigate the risk of erroneous deprivation because it would require the
12 government to establish that petitioner presents a flight risk or danger to the community if
13 released.  *E.C.*, 2025 WL 2916264, at *10.

14       Finally, the court considers the government's interest.  The court recognizes that the
15 government has an interest in "protecting the public" from noncitizens who have been determined
16 to be dangerous, as well as ensuring successful execution of removal orders through detention of
17 removable noncitizens.  *Rodriguez Diaz*, 53 F.4th at 1208 (citing *Demore*, 538 U.S. at 515, 528).
18 However, respondents have not addressed how those interests are furthered by detaining
19 petitioner without any due process based on his arrest nine months before his detention which
20 resulted in no charges being filed because prosecution was rejected.  (Doc. No. 9.)  In addition,
21 limiting detention to noncitizens who are shown to be dangerous or a flight risk may serve the
22 government's and the public's interest by limiting "the fiscal and administrative burdens
23 attendant to immigration detention."  *E.C.*, 2025 WL 2916264, at *11; *see also Hernandez v.*
24 *Sessions*, 872 F.3d 976, 996 (9th Cir. 2017) (Noting that in 2017 "the costs to the public of
25 immigration detention are staggering: $158 each day per detainee, amounting to a total daily cost
26 of $6.5 million.  Supervised release programs cost much less by comparison: between 17 cents
27 and 17 dollars each day per person.").
28 /////

Therefore, the court finds that the *Mathews* factors weigh in favor of granting petitioner a bond hearing before an IJ.[3]

Respondents argue that if the court orders a bond hearing, they should not be required to bear the burden of establishing that petitioner is a flight risk or a danger. (Doc. No. 9 at 7.) However, the Ninth Circuit recently noted that it is the government that bears the burden of proof at a bond hearing where the petitioner is detained pursuant to § 1226(c). *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (reviewing an IJ's public safety risk determination); *see also Carballo v. Andrews*, No. 1:25-cv-00978-KES-EPG (HC), 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (ordering the government to provide a post-deprivation bond hearing to § 1226(c) detainee where the government bears the burden of proof).

Regarding the remaining two *Winters* factors, the court incorporates the analysis from its prior decision in *Arshakyam v. Warden of California City Det.*, No. 1:25-cv-01780-DAD-AC (HC), 2026 WL 143143, at *4–5 (E.D. Cal. Jan. 20, 2026), where the court determined that the petitioner had demonstrated irreparable harm due to the likely deprivation of constitutional rights, and the balance of the equities and the public interest weighed against respondents because they failed to show any harm was more than minimal, and the costs of detention were high.

For the reasons above,

1. Petitioner's motion for a temporary restraining order (Doc. No. 3) is CONVERTED into a motion for preliminary injunction and GRANTED, in part, as follows:
   a. Within seven (7) days of the issuance of this order, respondents shall provide petitioner with a bond hearing before an immigration judge where respondents shall bear the burden of establishing that petitioner presents a danger to the community or flight risk if released thereby justifying his continued detention;

/////

---

[3] Petitioner requests either his immediate release or a bond hearing before a neutral adjudicator. (Doc. No. 3 at 21.) Based on the court's *Mathews* analysis, the court has determined that a post-deprivation bond hearing is the appropriate remedy at this stage of these proceedings. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief.").

      b. Within ten (10) days of the date of this order the parties are ORDERED to file a joint status report notifying the court that the bond hearing has been conducted as ordered;

2. Under the circumstances of this case, petitioner will not be required to post a bond pursuant to Federal Rule of Civil Procedure 65(c); and

3. The petition for writ of habeas corpus (Doc. No. 1) and petitioner's motion for protective order (Doc. No. 2) are REFERRED to Magistrate Judge Sean C. Riordan for further proceedings.

IT IS SO ORDERED.

Dated: **January 27, 2026**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE