UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

S.E.,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No.  1:26-cv-00356-DAD-SCR

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART

(Doc. Nos. 2, 13, 18)

Petitioner S.E. is a federal immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 5, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's motion to enforce the preliminary injunction (Doc. No. 13) be granted.  (Doc. No. 18.)  Specifically, the assigned magistrate judge found that during the bond hearing ordered by this court, the immigration judge ("IJ") did not comply with the clear and convincing evidence standard mandated by the preliminary injunction and that the appropriate remedy is petitioner's immediate release.  (*Id.* at 8.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 9–10.)  To date, no objections have been filed and the time in which to do so has passed.

1

In the findings and recommendations, the magistrate judge first correctly noted that a district court has continuing jurisdiction to enforce its injunction and that the party seeking to enforce the injunction must show "by clear and convincing evidence that the enjoined party violated a specific provision of the court's order." (Doc. No. 18 at 4) (citing *Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir. 1994) and *Kia America, Inc. v. Rally Auto Group, Inc.*, Case No. 8:22-cv-00109-JVS-JDE, 2022 WL 17185011 at *2 (C.D. Cal. Oct. 20, 2022) (citing *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)).

With regard to the standard of review regarding the IJ's flight risk determination, the magistrate judge correctly noted that the court reviews the IJ's decision for "abuse of discretion" and that, in this regard, the court may only determine whether the IJ applied the correct legal standard. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (noting that "the district court's review of the [Board of Immigration Appeals' ("BIA")] 'dangerousness' determination is for abuse of discretion" and that "we cannot reweigh evidence . . . [but] can [only] determine whether the BIA applied the correct legal standard."). "Given that the IJ is to consider the same factors when determining flight risk as it is when determining dangerousness, it is clear to this Court that the determination of flight risk is also a mixed question of law and fact which is reviewable by the district court as a question of law." *Miri v. Bondi, et al.*, No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *5 (C.D. Cal. Mar. 5, 2026). The court further agrees with the magistrate judge's well reasoned analysis and finding that here the IJ did not properly apply the clear and convincing evidence standard during petitioner's bond hearing when the IJ determined that petitioner posed a flight risk. (Doc. No. 18 at 5–8.)

Having determined that the IJ's decision did not comport with the court's preliminary injunction, the magistrate judge turned to the proper remedy and recommended petitioner's immediate release, rather than a new bond hearing, given the IJ's failure to follow this court's order as well as the "dearth" of evidence suggesting petitioner may be a flight risk. (*Id.*)

However, it is not clear to the court that the court may order petitioner's release when ruling on petitioner's motion to enforce the court's preliminary injunction which ordered a bond hearing. When deciding a motion to enforce the court's prior order, the court's review "concerns

whether the Government complied with the Court's Order and provided Petitioner with a bond hearing" where the government bore the burden of proof. *See Doe v. Becerra*, No. 2:25-cv-00647-DJC-DMC, 2025 WL 1233883, at *3 (E.D. Cal. Apr. 29, 2025) (denying the motion to enforce the court's order because the government complied with the order and suggesting that the petitioner's claims regarding the sufficiency of the bond hearing were more suited to a new habeas petition or should have been appealed to the BIA).  Here, as discussed above, the respondents complied with the court's order and provided petitioner a bond hearing, but the IJ did not properly apply the clear and convincing evidence standard, which was also a requirement of the court's order.

In granting petitioner's motion for a preliminary injunction, the court found that petitioner's continued detention pursuant to 8 U.S.C. § 1226(c) absent a bond hearing likely violated due process. (Doc. No. 11 at 4–6.)  When the court balanced the *Mathews* factors in that order, the court recognized the government's interest in protecting the public from noncitizens who have been determined to be dangerous, as well as ensuring successful execution of removal orders through detention of removable noncitizens.  (*Id.* at 5.)  However, respondents failed to argue how the government's interest was furthered by petitioner's detention absent a bond hearing at which a neutral adjudicator would determine whether petitioner in fact posed a danger or a flight risk.  (*Id.*)  If the court were to order petitioner's release at this stage, the court would need to re-balance the *Mathews* factors in light of the government's failure to provide petitioner a constitutionally adequate bond hearing, which would exceed the scope of the court's order granting a preliminary injunction.

Because in the undersigned's view ordering petitioner's release at this time would exceed the scope of the court's preliminary injunction, the court declines to adopt the magistrate judge's recommendation that petitioner be granted immediate release. *See Maksim v. Warden, Golden State Annex*, No. 1:25-cv-00955-SKO, 2026 WL 82339, at *2 (E.D. Cal. Jan. 12, 2026) (noting the petitioner's release would not be an appropriate remedy where the court ordered bond hearing was held seven days late); *Prior v. Andrews, et al.*, No. 1:25-cv-01131-JLT-EPG, 2026 WL 698801, at *3 (E.D. Cal. Mar. 12, 2026) (declining to adopt the recommendation of immediate

3

release and instead ordering another bond hearing where a prior bond hearing was constitutionally inadequate).

Finally, the court will adopt the magistrate judge's recommendation that petitioner's request for a protective order permitting redactions of petitioner's personal identifying information be granted.  (Doc. No. 18 at 8.)

For the reasons explained above,

1.    The findings and recommendations issued on March 5, 2026 (Doc. No. 18) are ADOPTED in part;

2.    Petitioner's motion to enforce the preliminary injunction (Doc. No. 13) is GRANTED as follows:

    a.    Within seven (7) days of the issuance of this order, respondents shall provide petitioner with a new bond hearing before an immigration judge **where respondents shall bear the burden of establishing that petitioner presents a danger to the community or flight risk by clear and convincing evidence**[1] if released;

    b.    Within ten (10) days of the date of this order the parties are ORDERED to file a joint status report notifying the court that the bond hearing has been conducted as ordered;

3.    Petitioner's motion for a protective order (Doc. No. 2) is GRANTED and the court ORDERS as follows:

    a.    All parties are ORDERED to redact any names or potentially identifying information of petitioner or his family, or to file any such documents under seal;

    b.    Respondents and their counsel are precluded from sharing any information about petitioner's identity or related personal information

---

[1]  The undersigned fully adopts the magistrate judge's analysis as to the numerous ways in which the record of the bond hearing in this case establishes that the IJ failed to make a finding based upon respondents presenting clear and convincing evidence of flight risk posed by petitioner as required by this court's order granting preliminary injunctive relief.  (*See* Doc. No. 18 at 5–8.)

beyond what is reasonably necessary for the litigation or to comply with the court's orders;

    c.    The use of petitioner's identity or identifying information for any purpose outside of this litigation is prohibited;

4.    This matter is referred back to the magistrate judge for further proceedings with respect to petitioner's petition for writ of habeas corpus (Doc. No. 1).

IT IS SO ORDERED.

Dated:   **March 26, 2026**        _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE